UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE L. BRYANT,<br><br>**Plaintiff,**<br><br>v.<br><br>PATRIC NOGAN, et al.,<br><br>**Defendants.** | Civil Action No. 24-908 (SDW-LDW)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

1. On or about February 16, 2024, Plaintiff Jermaine L. Bryant, a convicted and sentenced state prisoner incarcerated in East Jersey State Prison in Rahway, New Jersey, filed a pro se civil rights complaint, alleging an Eighth Amendment conditions of confinement claim under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which establishes his financial eligibility to proceed without prepayment of the filing. (ECF No. 1-1).

2. Because Plaintiff's IFP application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

1

3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. The defendants to the complaint are administrators of East Jersey State Prison, Patric Nogan, Mr. Spires, and Mr. Berryman, and New Jersey Department of Corrections ("NJDOC") Commissioner Victoria Kuhn. Plaintiff alleges that he was assigned to a cell in East Jersey State Prison, which had black mold and mushrooms growing on the walls. The correctional staff assigned to the wing of the prison where Plaintiff was housed viewed the black mold and mushrooms in his cell. They wrote special reports to justify moving Plaintiff to another cell. The Administration ordered Plaintiff moved back to the cell with the black mold and mushrooms growing inside. Staff told Plaintiff that if Administrator Nogan learned that they moved him again, he would order that Plaintiff be returned to the original cell. Plaintiff submitted a medical request

regarding the mold and mushrooms in his cell, and his request for medical attention was denied until after his mother and his lawyer intervened on his behalf. Plaintiff's request for a new cell was granted only after Plaintiff's mother and lawyer contacted the Governor of New Jersey's Office. Plaintiff seeks damages and prospective injunctive relief.

5. Plaintiff's Eighth Amendment Claim under 42 U.S.C. § 1983 for failure to protect his health and safety may proceed against Administrator Patric Nogan.

6. There is no vicarious liability under 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 676. Therefore, a plaintiff must allege each defendant's personal involvement in a constitutional violation. *Id.*

7. Plaintiff has not alleged that Administrator Spires, Assistant Administrator Berryman or NJDOC Commissioner Victoria Kuhn had knowledge of and acquiesced in Administrator Nogan's alleged decision to return Plaintiff to the moldy cell, nor has plaintiff alleged any other facts showing their personal involvement in maintaining plaintiff in a cell containing black mold and mushrooms. The claims against these defendants will be dismissed without prejudice. Plaintiff shall have leave to file an amended complaint to allege additional facts to establish their personal involvement in the alleged constitutional violation.

8. In conclusion, for the reasons discussed above, Plaintiff's complaint may proceed in part and is dismissed in part for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

DATE: _____February 29_____, 2024

Hon. Susan D. Wigenton,
United States District Judge